1

\*\*E-Filed 7/19/2011\*\*

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN JOSE DIVISION**

11

| | |
|---|---|
| 12  KAREN JO MURPHY | Case Number 5:10-cv-05837-JF (PSG) |
| 13                      Plaintiff, | ORDER[1] GRANTING MOTION TO DISMISS FIRST AMENDED |
| 14                      v. | COMPLAINT WITH LEAVE TO AMEND IN PART |
| 15  WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, a division of WELLS FARGO | [Re: Docket No. 32] |
| 16  BANK, N.A., formerly known as WACHOVIA MORTGAGE, FSB, formerly known as WORLD | |
| 17  SAVINGS BANK, FSB; and DOES 1-50, inclusive | |
| 18                      Defendants. | |

19

20        Plaintiff Karen Jo Murphy ("Murphy") alleges that Defendants Wells Fargo Bank, N.A.,

21   *et al.* ("Wells Fargo") conducted an illegal non-judicial foreclosure of her residences located at

22   945 14th Street, Pacific Grove, California and 1475 Inglewood Ave., St. Helena, California ("the

23   Properties"). Wells Fargo denies this claim and moves to dismiss the First Amended Complaint

24   ("FAC")[2] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion will

25        [1] This disposition is not designated for publication in the official reports.

26        [2] On March 29, 2011, the Court dismissed the original complaint with leave to amend in

27   order to allow Murphy to re-plead her claims with the assistance of newly-obtained counsel.
     Order Granting Motion to Dismiss With Leave to Amend Dkt. 24.

28

1  be granted, with leave to amend in part.

2  **I. BACKGROUND**

3  **A.     The St. Helena Property**

4      On December 12, 2007, Murphy obtained a loan from Wells Fargo in the amount of $2.2

5  million, which was secured by the St. Helena Property and evidenced by a note.  *See* Defendants'

6  Request for Judicial Notice ("RJN") Exs. L, M at Dkt. 33.[3]  Subsequently, Murphy defaulted on

7  the loan, and a notice of default was recorded with the Napa County recorder by NDEX West,

8  LLC, acting as the agent for Wells Fargo.  *Id.* at Ex. N.  The Property was sold to a third party at

9  a trustee's sale on July 30, 2010.  *Id.* at Ex. O.

10  **B.     The Pacific Grove Property**

11      On December 8, 2006, the parties entered into a loan agreement in connection with the

12  Pacific Grove Property. *Id.* at Exs. F, G.  As with the St. Helena Property, the loan was

13  evidenced by a note and secured by a deed of trust.  *Id.*  Murphy later defaulted on the loan, a

14  notice of default was recorded with the Monterey County Recorder by Cal-Western

15  Reconveyance Corporation acting as the agent for Wells Fargo, and a trustee's sale was

16  conducted on August 8, 2010. *Id.* at Exs. H, I.  In September 2010, Wells Fargo initiated an

17  unlawful detainer action in an effort to evict Murphy from the Property.  *Id.* at Ex. J. One month

18  later, the Monterey Superior Court entered a default judgment in favor of Wells Fargo.  *Id.* at Ex.

19  K.

20  **C.     Causes of Action**

21      Murphy asserts that at sometime prior to June 2009, Wells Fargo sold the subject notes

22  and deeds of trust to various investors. FAC at 2.  She alleges that as a result, Wells Fargo no

23

24      [3] Pursuant to Fed. R. Evid. 201(b), "A judicially noticed fact must be one not subject to
25  reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the
   trial court or (2) capable of accurate and ready determination by resort to sources whose
26  accuracy cannot reasonably be questioned."  When ruling on a motion to dismiss, the Court
   properly may consider "a document the authenticity of which is not contested, and upon which
27  the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.
   1998).
28

2

1 longer retained an interest in the Properties and had no legal basis to undertake foreclosure

2 proceedings. *Id.* at 2-3. She seeks to quiet title and recover damages for trespass.

**II. LEGAL STANDARD**

4 "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

5 cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

6 *Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to

7 dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in

8 the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843,

9 23 L.Ed.2d 404 (1969). "To survive a motion to dismiss, a complaint must contain sufficient

10 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim

11 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

13 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556,

14 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a court need not accept as true conclusory

15 allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact

16 contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th

17 Cir.1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies

18 cannot be cured by amendment. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995). When

19 amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*,

20 90 F.3d 386, 393 (9th Cir.1996).

**II. DISCUSSION**

22 **A.     Quiet Title**

23 California law requires that an action to quiet title include: (1) a description of the

24 property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's

25 title. Cal. Code Civ. Proc. § 761.020; *Kelley v. Mortgage Electronic Registration Systems, Inc*.,

26 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009). However, "[u]nder California law, a borrower may

27 not quiet title without first paying the outstanding debt on the property." *Roberts v. JP Morgan*

28

3

1    *Chase Bank*, *N.A.*, Nos. 09-CV-01855-LHK, 09-CV-01879, 2011 WL 864949, at *7 (N.D. Cal.

2    Mar. 11, 2011) (citing *Miller v. Provost*, 26 Cal.App.4th 1703, 1707 (1994) ("a mortgagor of real

3    property cannot, without paying his debt, quiet his title against the mortgagee")).  Here, Murphy

4    does not allege that she has tendered the outstanding debt or has the ability to do so.

5          Moreover, Murphy's action to quiet title is premised upon the theory that Wells Fargo

6    had no beneficial interest in the Properties at the time of foreclosure.  However, the judicially-

7    noticed facts outlined above contradict this allegation.  World Savings Bank, FSB, and its

8    successors and/or assigns are identified as the "lender" and "beneficiary" in both deeds of trust.

9    RJN Exs. F, L.  Wells Fargo is a successor to World Savings Bank, FSB, and thus is a

10   beneficiary.[4]  It is clear from the notices of default that Cal-Western Reconveyance and NDEX

11   West were acting on behalf of Wells Fargo through Wells Fargo's predecessor World Savings

12   Bank.[5]  Nothing in the FAC establishes that Wells Fargo as the legal beneficiary lacked authority

13   to commence foreclosure proceedings through its agents Cal-Western Reconveyance and NDEX

14   West.  *Cf. Gomes v. Countrywide Home Loans, Inc.*, No. D057005, 2011 WL 566737, at *5 (Cal.

15   App. 4 Dist. Feb. 18, 2011) ("MERS is the owner and holder of the note as nominee for the

16   lender, and thus MERS can enforce the note on the lender's behalf.") (citation omitted).  Instead,

17   Murphy's argument is contradicted by the deeds of trust, which grant the express power of sale

18   to the beneficiary in the event of default, stating that the beneficiary may "take action to have the

19   Property sold under applicable law. . ."  RJN Exs. F, L.

---

21        [4] In November 2009, Wachovia Mortgage, FSB–a successor of World Savings Bank,
22   FSB–became a division of Wells Fargo.  RJN Ex. D.

23        [5] The Napa County Notice of Default states, "NDEX West, LLC is the original Trustee,
     duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a
24   Deed of Trust dated 12/12/2007, executed by Karen Jo Murphy, as Trustor, to secure obligations
     in favor of World Savings Bank, FSB, as Beneficiary . . ." RJN Ex. N.  The Monterey County
25   Notice of Default states, "Cal-Western Reconveyance Corporation is either the original trustee,
26   the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a
     deed of trust dated December 8, 2006 executed by Karen J Murphy an unmarried woman as
27   trustor, to secure obligations in favor of World Savings Bank, FSB, its Successors and/or
     Assignees as beneficiary . . ."  RJN Ex. H.
28

Case No. 5:10-cv-05837-JF (PSG)
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN
PART
(JFLC1)

1    A recent decision from the California Court of Appeal has addressed this very issue and

2  in turn has solidified the so-called "tender rule" even further, holding that a beneficiary is

3  authorized "to initiate foreclosure proceedings and invoke the tender rule against a defaulting

4  borrower, even when the beneficiary is not the holder of the original promissory note."

5  *Ferguson v. Avelo Mortgage, LLC*, No. B223447, 2011 WL 2139143, at *5 (Cal.App.2 Dist.

6  June 1, 2011) (citations omitted).  *Ferguson* made clear that "California law 'does not require

7  possession of the note as a precondition to [nonjudicial] foreclosure under a Deed of Trust.'" *Id.*

8  (citing *Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal.2010);

9  *Odinma v. Aurora Loan Services*, No. C–09–4674 EDL, 2010 WL 1199886, at *4 (N.D. Cal.

10 Mar. 23, 2010); *Morgera v. Countrywide Home Loans, Inc.*, No. 2:09–cv–01476–MCE–GGH,

11 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010).); *See also Gandrup v. GMAC Mortg.*, No.

12 11-CV-0659-LHK, 2011 WL 703753, at *2 (N.D. Cal. Feb. 18, 2011) ("[U]nder California law,

13 there is no requirement that the trustee have possession of the physical note before initiating

14 foreclosure proceedings.").

15 **B.    Trespass**

16    Murphy bases her trespass claim upon the same holder-in-due course theory that she

17 offers with respect to her claim to quiet title.  Accordingly, this claim also is subject to dismissal.

18 **C.    Collateral Estoppel**

19    With respect to the Pacific Grove Property, collateral estoppel bars Murphy from re-

20 adjudicating the foreclosure.  In determining the collateral estoppel effect of a state court

21 judgment, federal courts must, as a matter of full faith and credit, apply that state's law of

22 collateral estoppel.  *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994).  Under California law,

23 collateral estoppel bars re-litigation when (1) the issue decided in the prior action is identical to

24 the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the

25 party against whom estoppel is asserted was a party to the prior adjudication.  *Id*.

26    Defendants point out correctly that "[A] default judgment conclusively establishes,

27 between the parties so far as subsequent proceedings on a different cause of action are

28

Case No. 5:10-cv-05837-JF (PSG)
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART
(JFLC1)

1  concerned, the truth of all material allegations contained in the complaint in the first action, and

2  every fact necessary to uphold the default judgment . . ." *Mitchell v. Jones*, 172 Cal.App.2d 580,

3  586-87 (1959); *see also Four Star Electric, Inv. v. F&H Constr.*, 7 Cal.App.4th 1375, 1380

4  (1992).  As such, the default judgment entered against Murphy in the September 2010 unlawful

5  detainer action necessarily indicates that the foreclosure was conducted in accordance with

6  California's non-judicial foreclosure requirements, as Wells Fargo alleged this fact in its

7  complaint. RJN Ex. J ¶ 5.

8        Murphy argues that the default judgment is irrelevant because her holder-in-due course

9  theory was not actually litigated in the unlawful detainer action.  However, for the purpose of

10  collateral estoppel, "[a]n issue is actually litigated [w]hen [it] is properly raised, by the pleadings

11  or otherwise, and is submitted for determination, and is determined...." *Gottlieb v. Kest*, 141

12  Cal.App.4th 110*,* 148 (2006) (citation omitted).  "[C]ollateral estoppel operates ... to obviate the

13  need to relitigate issues already adjudicated in the first action." *Id.* (citation omitted).  To the

14  extent that Murphy seeks relief from the state court judgment, this Court is an improper forum.

15                                    **III. ORDER**

16        Good cause therefor appearing, the motion is GRANTED, with leave to amend as to the

17  claims regarding the St. Helena property.  Murphy's claims with respect to the Pacific Grove

18  Property are hereby DISMISSED WITHOUT LEAVE TO AMEND. Any amended pleading

19  shall be filed within twenty (20) days of the date of this order.

20

21  **IT IS SO ORDERED**.

22

23  DATED:  July 19, 2011    _____

24                        JEREMY FOGEL
                          United States District Judge

25

26

27

28

6

Case No. 5:10-cv-05837-JF (PSG)
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND IN PART
(JFLC1)