```
DIEMER, WHITMAN & CARDOSI, LLP
JOHN P. CARDOSI, #111381
75 East Santa Clara Street, Suite 290
San Jose, California   95113
Telephone:  (408) 971-6270
Facsimile: (408) 971-6271

ATTORNEYS FOR Plaintiff
Karen Jo Murphy
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAREN JO MURPHY,<br><br>            Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., WACHOVlA MORTGAGE, a division of WELLS FARGO  BANK, N.A., and formerly known as  WACHOVlA MORTGAGE, FSB, formerly known as WORLD SAVINGS BANK, FSB., AND DOES1-50<br><br>           Defendants | Case No. 10CV05837-JF<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

    Plaintiff alleges for her second amended complaint as follows:

## JURISDICTION

1.    Plaintiff is a citizen of the State of California. Defendant Wachovia Mortgage, a Division of Wells Fargo Bank. N.A., formerly known as Wachovia, FSB, formerly known as World Savings Bank, FSB,  is a citizen of South Dakota for purposes of diversity. This court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. §1332.

**SECOND AMENDED COMPLAINT**
**AND JURY DEMAND**

GENERAL ALLEGATION

2. World Savings Bank was a Federal Savings Bank. World Savings Bank changed its name to Wachovia, FSB, and was later acquired by Wells Fargo Bank, N.A., a federally chartered bank.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as Does 1 through 50 are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff prays leave to amend this complaint when their true names and capacities have been ascertained. Each such fictitiously named defendant is legally responsible in some manner, negligent or otherwise, for the damages sustained by the plaintiff alleged herein.

4. This action involves real property located at 1475 Englewood, St. Helena, California (hereinafter the property).

5. Plaintiff was the legal and equitable owner of the property.

6. In or around November 2007 defendants loaned money to plaintiff and secured that loan with a Deed of Trust on the property.

7. Plaintiff is informed and believes and thereon alleges that sometime after plaintiff signed the Deed of Trust and before March of 2009 the defendants sold the note and their rights under the Deed of Trust comprising the mortgage to various investors (hereinafter "the note owners"). Plaintiff is informed and believes and thereon alleges that at the time of the foreclosure on the Deed of Trust, defendants were no longer the Beneficiaries of the Deed of Trust by reason of their sale and assignment of those rights. Plaintiff is informed and believes and thereon alleges that defendants did not retain any right to act for the benefit of the note owners in connection with foreclosing on the security for the note, and by reason of the assignment had no right to foreclose on the security for the note. Plaintiff is informed and believes and thereon alleges that at no time after the sale of the note or prior to foreclosure on the property did defendants acquire any right to act for the benefit of the note owners in connection with foreclosing on the security for the note. Plaintiff is informed and believes and thereon alleges that at no time after the sale of the note or prior to foreclosure on the property did defendants reacquire any right to foreclose on the security for the

1  note. Plaintiff is informed and believes and thereon alleges that at the time of the foreclosure
2  defendants had no right to foreclose on the security for the note, neither for themselves nor for the
3  note owners.

4  8.   Plaintiff is informed and believes and thereon alleges that in or around May of 2010
5  defendants represented to the Trustee of the Deed of Trust (hereinafter the "Trustee") that
6  defendants were the owners of the note, that they were still Beneficiaries of the Deed of Trust,
7  that they were entitled to direct the Trustee to exercise the right of Sale under the Deed of Trust,
8  that they had the right to credit bid at any foreclosure sale, and that they had the right to direct
9  the Trustee to foreclose on the property.  Plaintiff is informed and believes and thereon alleges
10 that these representations were false, that defendants were not the owners of the note, were no
11 longer Beneficiaries under the Deed of Trust, had no right to credit bid at any foreclosure sale,
12 and had no right to direct the Trustee to foreclosure on the property.

13 9.    In or around May, 2010 defendants directed the Trustee to conduct a trustee's sale under
14 color of the Deed of Trust. Plaintiff is informed and believes and thereon alleges that in or around
15 May of 2010, the Trustee, in reliance on the misrepresentations of defendants, foreclosed on the
16 property through non-judicial foreclosure.

17 10.   In or around June of 2010, in reliance on the misrepresentations of defendants, the Trustee
18 completed the foreclosure and issued a Trustees' Deed to defendants. Plaintiff is informed and
19 believes and thereon alleges at that time the defendants had no title, interest or right sufficient to
20 give them the right to foreclose on the property, and no right to act for the note owners to
21 foreclose on the property, or to direct the Trustee to exercise the right of Sale under the Deed of
22 Trust. Plaintiff is informed and believes and thereon alleges that the defendants acquired the
23 property at the Trustee's sale by credit bid at the sale, when they were no longer owners of the
24 debt and had no right to do so, acquiring the property through the non-judicial foreclosure. In or
25 around June 2010, in reliance on defendants' misrepresentations, the Trustee foreclosed on the
26 Deed of Trust through non-judicial foreclosure and issued a Trustee's Deed to defendants, which
27 was recorded with the recorder of deeds.
28

**SECOND AMENDED COMPLAINT**
**AND JURY DEMAND**                3

11. By reason of the Trustee's reliance on the misrepresentations by the defendants, and as a direct and legal result of defendant's wrongful conduct, as alleged herein, plaintiff has sustained economic damages exceeding $1,000,000.00.

12. As a direct and legal result of defendant's wrongful conduct, as alleged herein, plaintiff has sustained non-economic damages according to proof.

13. The conduct of defendants was oppressive and fraudulent by reason of which the plaintiff is entitled to an award of exemplary damages, according to proof.

WHEREFORE plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [QUIET TITLE AGAINST ALL DEFENDANTS]

14. Plaintiff incorporates herein by reference paragraphs 1 through 13 as though fully set forth herein.

15. As a precondition to any order declaring that plaintiff is the legal owner of the property entitled to hold title, plaintiff will pay the owner of the debt the amount of outstanding debt on the property. Plaintiff is informed and believes and thereon alleges that defendants are not, and were not at the time of sale, the owners of the debt on the property and that conditioning any order on payment to defendants would only perpetuate the fraud of the defendants.

16. Defendants claims some right, title, estate, lien, or interest in the property adverse to plaintiff's title, and their claims constitute a cloud on plaintiff's title.

17. Plaintiff is seeking to quiet title against all adverse claims of defendants, to wit: The claims of defendants that they had the right to take title to the property by trustee's sale and the trustee's deeds recorded against the property; and the claims of defendants as holders of legal title to the property.

WHEREFORE plaintiff prays for judgment as hereinafter set forth.

//

THIRD CAUSE OF ACTION

[TRESPASS AGAINST ALL DEFENDANTS]

18. Plaintiff incorporates herein by reference paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is, and at all times herein mentioned was, the equitable owner of the property, and by reason of the unlawful acts of defendants as alleged herein, entitled to hold legal title to the property.

20. Defendants, and each of them have unreasonably interfered with plaintiff's title and equitable ownership in the property by claiming title under the Trustee's Sale.  Defendants, and each of them have unreasonably interfered with plaintiff's use of the property by claiming title under the Trustee's Sale.

21. As a direct and legal result of defendant's wrongful conduct, as alleged herein, plaintiff has sustained economic damages exceeding $1,000,000.00.

22. As a direct and legal result of defendant's wrongful conduct, as alleged herein, plaintiff has sustained non-economic damages according to proof.

23. The conduct of defendants was oppressive and fraudulent by reason of which the plaintiff is entitled to an award of exemplary damages, according to proof.

WHEREFORE plaintiff prays for judgment as follows:

ON THE FIRST AND THIRD CAUSES OF ACTION

1. For economic damages according to proof;
2. For non-economic damages according to proof;
4. For exemplary damages according to proof;
5. For costs of suit herein;
6. For such other and further relief as the court may deem fit and proper

ON THE SECOND CAUSE OF ACTION

1. For a declaration that plaintiff is the legal owner of the property entitled to hold title and that defendants have no interest in the property by reason of the trustee's sale and trustee's deeds

SECOND AMENDED COMPLAINT
AND JURY DEMAND                                              5

from the non-judicial foreclosure of the property, and no right to hold legal title adverse to plaintiff;

2. For recision of the deed of trust;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: August 8, 2011                                              DIEMER, WHITMAN & CARDOSI, LLP

                                                                   By:  /s/  _____

                                                                   John P. Cardosi
                                                                   Attorneys for Plaintiff
                                                                   Karen Jo Murphy

SECOND AMENDED COMPLAINT
AND JURY DEMAND                               6