IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JO MURPHY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., and formerly known as WACHOVIA MORTGAGE, FSB, formerly known as WORLD SAVINGS BANK, FSB; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. C 10-5837 MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING; CONTINUING HEARING** |

　　　　Before the Court is the motion of defendant Wells Fargo Bank, N.A. ("Wells Fargo"), filed August 22, 2011, to dismiss plaintiff Karen Jo Murphy's ("Murphy") Second Amended Complaint ("SAC"); Murphy has filed opposition thereto, to which Wells Fargo has replied. Also before the Court is Wells Fargo's motion, likewise filed August 22, 2011, to strike portions of the SAC; Murphy has filed a separate opposition thereto, to which Wells Fargo has not replied. The Court has read and considered the papers filed in support of and in opposition to the motions, and, as discussed below, finds it is appropriate to afford the parties leave to file supplemental briefing with respect to the Second Cause of Action.

　　　　Although not raised by the parties, it would appear that Murphy's Second Cause of Action, Quiet Title, is not a viable claim where, as here, a foreclosure and sale already have

occurred.  (See Second Am. Compl. at 3:17-18 (alleging that "[i]n or around June of 2010," foreclosure was "completed")); see also Distor v. U.S. Bank NA, No. C 09-02086 SI, 2009 WL 3429700, at *6 (N.D. Cal. Oct. 22, 2009) (holding, "because the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure"); Lopez v. Chase Home Fin., LLC, No. CV F 09-0449, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009) (noting, "[i]f the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure").

Accordingly, Murphy is hereby afforded leave to file supplemental opposition, no later than November 18, 2011, and not to exceed seven pages in length exclusive of exhibits, to address the issue of whether she can proceed on her quiet title claim as a means to challenge a foreclosure sale that has already occurred.  In the event that Murphy files supplemental opposition, Wells Fargo is hereby afforded leave to file a supplemental reply, no later than December 2, 2011, and not to exceed five pages in length exclusive of exhibits.

In light of the above, the hearing scheduled for November 4, 2011 is hereby CONTINUED to December 16, 2011.

**IT IS SO ORDERED.**

Dated:  November 1, 2011

_____
MAXINE M. CHESNEY
United States District Judge

2