IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JO MURPHY,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., and formerly known as WACHOVIA MORTGAGE, FSB, formerly known as WORLD SAVINGS BANK, FSB; and DOES 1-50, inclusive,<br><br>    Defendants. | No. C 10-5837 MMC<br><br>**ORDER GRANTING MOTION TO DISMISS; VACATING HEARING** |

    Before the Court are defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") (1) motion to dismiss plaintiff Karen Jo Murphy's ("Murphy") Second Amended Complaint ("SAC") and (2) motion to strike portions of the SAC, both filed August 22, 2011. Murphy has filed a separate opposition to each said motion, and Wells Fargo has filed a single reply thereto.

    By order filed November 1, 2011, the Court afforded Murphy leave to file supplemental opposition, no later than November 18, 2011, "to address the issue of whether she can proceed on her quiet title claim as a means to challenge a foreclosure sale that has already occurred." (See Order Affording Parties Leave to File Supplemental Briefing, filed November 1, 2011.) To date, Murphy has filed no such supplemental briefing.

The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 16, 2011, and rules as follows.

**BACKGROUND**

Murphy's claims arise out of a non-judicial foreclosure of her residence located at 1475 Inglewood Ave., St. Helena, California ("the St. Helena Property"). On December 12, 2007, Murphy obtained a loan from Wells Fargo in the amount of $2.2 million, which was secured by the St. Helena Property and evidenced by a note. (See Defendant's Request for Judicial Notice, filed August 22, 2011, Exs. F, G.)[1] Subsequently, Murphy defaulted on the loan, and a notice of default was recorded with the Napa County recorder by NDEX West, LLC, acting as agent for Wells Fargo. (See id. Ex. H.) The St. Helena Property was sold to a third party at a trustee's sale on July 30, 2010. (See id. Ex. I.)

Murphy alleges "that sometime after plaintiff signed the Deed of Trust and before March of 2009 the defendants sold the note and their rights under the Deed of Trust comprising the mortgage to various investors" (see SAC at 2:16-18) and that "at the time of the foreclosure on the Deed of Trust, defendants were no longer the Beneficiaries of the Deed of Trust by reason of their sale and assignment of those rights" (see id. at 2:19-21). Murphy further alleges that prior to the foreclosure, "in or around May of 2010," "defendants represented to the Trustee of the Deed of Trust . . . that defendants were the owners of the note, that they were still Beneficiaries of the Deed of Trust, that they were

---

[1] Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The Court may consider, however, matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Wells Fargo's unopposed Request for Judicial Notice of documentation reflecting Murphy's loan and the subsequent foreclosure is hereby GRANTED. Such documents are part of the public record, and their contents are capable of "ready determination by resort to sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b); Gamboa v. Trustee Corps, No. 09-0007 SC, 2009 WL 656285 at *2-4 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded mortgage and foreclosure documents). The documents, however, do not establish as a matter of law the absence of the alleged transfer of rights.

entitled to direct the Trustee to exercise the right of Sale under the Deed of Trust, that they had the right to credit bid at any foreclosure sale, and that they had the right to direct the Trustee to foreclose on the property." (See id. at 3:5-9).

On the basis of the above-referenced allegations, Murphy asserts three Causes of Action: fraud, trespass, and quiet title.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

## DISCUSSION

**I. Fraud**

Murphy's First Cause of Action, by which she alleges a claim for fraud, is based on the allegation that Wells Fargo misrepresented to the trustee that it was the owner of the note and beneficiary of the deed of trust, and that "the Trustee, in reliance on the misrepresentations of defendants, foreclosed on the property through non-judicial foreclosure." (See SAC at 3:15-16.)

Under California law, a cause of action for fraud based on a misrepresentation to a third party is cognizable only under certain limited circumstances. Citing Randi W. v. Muroc

1 Joint Unified Sch. Dist., 14 Cal. 4th 1066 (1997), Murphy argues she has alleged such a
2 claim. (See Opp. at 4:28-5:6.) Randi W., however, is distinguishable on its facts. In
3 particular, said case concerned a claim against school district officers, who allegedly wrote
4 false letters of recommendation to another school district, thereby inducing said third-party
5 school district to hire the recommended individual, who subsequently sexually assaulted
6 the plaintiff, a student. See Randi W., 14 Cal. 4th at 1070. The California Supreme Court
7 allowed the claim to proceed, holding "liability may be imposed if . . . an affirmative
8 misrepresentation present[s] a foreseeable and substantial risk of physical harm to a . . .
9 third person," see id. (emphasis omitted), and the case has subsequently been limited to
10 fraud claims involving physical harm, see Gawara v. United States Brass Corp., 63 Cal.
11 App. 4th 1341, 1352 (1998) (holding Randi W. does not apply to "plaintiffs who suffer only
12 economic losses").[2] Further, the decision in Randi W. was based on "strong public policy
13 considerations, i.e., that '[o]ne of society's highest priorities is to protect children from
14 sexual or physical abuse.'" See id. (quoting Randi W., 14 Cal. 4th at 1078-79). The SAC
15 alleges neither physical harm nor facts implicating such strong public policy considerations.
16       Accordingly, Murphy's First Cause of Action will be dismissed with leave to amend to
17 allege a fraud claim or any other claim supported by her allegations of wrongful foreclosure.
18 **II.  Quiet Title**
19       Murphy's Second Cause of Action is for quiet title. Murphy alleges she "is seeking to
20 quiet title against all adverse claims of defendants, to wit: The claims of defendants that
21 they had the right to take title to the property by trustee's sale and the trustee's deeds
22 recorded against the property; and the claims of defendants as holders of legal title to the
23 property." (See SAC at 4:21-24.) Quiet title is not a viable claim, however, where, as here,
24 a foreclosure and sale already have occurred. (See SAC at 3:17-18 (alleging that "[i]n or

---

26 [2] Murphy argues that "[u]nlike Gawara, plaintiff and defendants here had a direct and personal special relationship concerning the property and defendant's right to foreclose."
27 (See Opp. at 5:10-12) Contrary to Murphy's assertion, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." See Nymark v. Heart
28 Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Murphy cites no authority applying Randi W. to facts analogous to those alleged here.

around June of 2010," foreclosure was "completed")); see also Distor v. U.S. Bank NA, No. C 09-02086 SI, 2009 WL 3429700, at *6 (N.D. Cal. Oct. 22, 2009) (holding, "because the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure"); Lopez v. Chase Home Fin., LLC, No. CV F 09-0449, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009) (noting, "[i]f the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure").

Because further amendment would be futile, Murphy's Second Cause of Action for quiet title will be dismissed without leave to amend.

### III. Trespass

Murphy's Third Cause of Action, trespass, alleges Wells Fargo "unreasonably interfered with plaintiff's title and equitable ownership in . . . [and] use of the property by claiming title under the Trustee's Sale." (See SAC at 5:7-9.)

"The essence of the cause of action for trespass is an unauthorized entry onto the land of another." See Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1480 (Ct. App. 1986) (quotation omitted). To establish a claim for trespass, a plaintiff must prove: (1) that the plaintiff owned the property; (2) that the defendant entered the plaintiff's property without permission; (3) that the plaintiff suffered harm; and (4) that the defendant's entry was a substantial factor in causing the plaintiff's harm. See id; see also Gutierrez v. Wells Fargo Bank, No. C 08-5586 SI, 2009 WL 322915 at *7 (N.D. Cal. Feb. 9, 2009).

Here, even assuming Murphy was the legal owner and possessor of the property at the time of the alleged violation, Murphy pleads no facts describing an entry onto her property by Wells Fargo. Cf. Susilo v. Wells Fargo Bank, N.A., No. CV 11-1814 CAS, 2011 WL 2471167 at *11 (C.D. Cal. June 21, 2011) (finding trespass claim sufficiently pleaded where complaint "allege[d] that defendants changed the locks prior to the foreclosure, and removed and converted plaintiff's personal furnishings, furniture, and belongings").

Accordingly, Murphy's Third Cause of Action will be dismissed with leave to amend.

//

5

**IV. Conclusion**

Wells Fargo's motion to dismiss is hereby GRANTED and Murphy's SAC is hereby DISMISSED with leave to amend the First and Third Causes of Action as set forth above. Murphy's Third Amended Complaint, if any, shall be filed no later than January 9, 2012.

In light of the above, Wells Fargo's motion to strike is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: December 13, 2011

MAXINE M. CHESNEY
United States District Judge