**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KAREN JO MURPHY,                          No. C 10-5837 MMC

12              Plaintiff,                      **ORDER GRANTING MOTION TO
                                                DISMISS; VACATING HEARING**
13        v.

14   WELLS FARGO BANK, N.A.; WACHOVIA
     MORTGAGE, a division of WELLS FARGO
15   BANK, N.A., and formerly known as
     WACHOVIA MORTGAGE, FSB, formerly
16   known as WORLD SAVINGS BANK, FSB;
     and DOES 1-50, inclusive,
17
               Defendants.
18   /

19
20        Before the Court are defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") (1) motion

21   to dismiss plaintiff Karen Jo Murphy's ("Murphy") Second Amended Complaint ("SAC") and

22   (2) motion to strike portions of the SAC, both filed August 22, 2011.  Murphy has filed a

23   separate opposition to each said motion, and Wells Fargo has filed a single reply thereto.

24        By order filed November 1, 2011, the Court afforded Murphy leave to file

25   supplemental opposition, no later than November 18, 2011, "to address the issue of

26   whether she can proceed on her quiet title claim as a means to challenge a foreclosure

27   sale that has already occurred."  (See Order Affording Parties Leave to File Supplemental

28   Briefing, filed November 1, 2011.)  To date, Murphy has filed no such supplemental

     briefing.

1   The Court, having read and considered the papers filed in support of and in

2   opposition to the motion, deems the matter suitable for decision on the parties' respective

3   written submissions, VACATES the hearing scheduled for December 16, 2011, and rules

4   as follows.

5                                    **BACKGROUND**

6        Murphy's claims arise out of a non-judicial foreclosure of her residence located at

7   1475 Inglewood Ave., St. Helena, California ("the St. Helena Property").  On December 12,

8   2007, Murphy obtained a loan from Wells Fargo in the amount of $2.2 million, which was

9   secured by the St. Helena Property and evidenced by a note.  (See Defendant's Request

10  for Judicial Notice, filed August 22, 2011, Exs. F, G.)[1]  Subsequently, Murphy defaulted on

11  the loan, and a notice of default was recorded with the Napa County recorder by NDEX

12  West, LLC, acting as agent for Wells Fargo.  (See id. Ex. H.)  The St. Helena Property was

13  sold to a third party at a trustee's sale on July 30, 2010.  (See id. Ex. I.)

14       Murphy alleges "that sometime after plaintiff signed the Deed of Trust and before

15  March of 2009 the defendants sold the note and their rights under the Deed of Trust

16  comprising the mortgage to various investors" (see SAC at 2:16-18) and that "at the time of

17  the foreclosure on the Deed of Trust, defendants were no longer the Beneficiaries of the

18  Deed of Trust by reason of their sale and assignment of those rights"  (see id. at 2:19-21).

19  Murphy further alleges that prior to the foreclosure, "in or around May of 2010,"

20  "defendants represented to the Trustee of the Deed of Trust . . . that defendants were the

21  owners of the note, that they were still Beneficiaries of the Deed of Trust, that they were

22

23       [1] Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider
    any material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co.,
24  896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  The Court may consider, however, matters that
    are subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d
25  1279, 1282 (9th Cir. 1986).  Wells Fargo's unopposed Request for Judicial Notice of
    documentation reflecting Murphy's loan and the subsequent foreclosure is hereby
26  GRANTED.  Such documents are part of the public record, and their contents are capable
    of "ready determination by resort to sources whose accuracy cannot reasonably be
27  questioned."  See Fed. R. Evid. 201(b); Gamboa v. Trustee Corps, No. 09-0007 SC, 2009
    WL 656285 at *2-4 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded mortgage
28  and foreclosure documents).  The documents, however, do not establish as a matter of law
    the absence of the alleged transfer of rights.

1   entitled to direct the Trustee to exercise the right of Sale under the Deed of Trust, that they

2   had the right to credit bid at any foreclosure sale, and that they had the right to direct the

3   Trustee to foreclose on the property."  (See id. at 3:5-9).

4        On the basis of the above-referenced allegations, Murphy asserts three Causes of

5   Action: fraud, trespass, and quiet title.

6                                   **LEGAL STANDARD**

7        Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

8   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

9   cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

10   1990).  In analyzing a motion to dismiss, a district court must accept as true all material

11   allegations in the complaint, and construe them in the light most favorable to the

12   nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

13   Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

14   material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15   v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

16   544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the

17   speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a

18   legal conclusion couched as a factual allegation."  See Iqbal, 129 S. Ct. at 1950 (internal

19   quotation and citation omitted).

20                                    **DISCUSSION**

21   **I.   Fraud**

22        Murphy's First Cause of Action, by which she alleges a claim for fraud, is based on

23   the allegation that Wells Fargo misrepresented to the trustee that it was the owner of the

24   note and beneficiary of the deed of trust, and that "the Trustee, in reliance on the

25   misrepresentations of defendants, foreclosed on the property through non-judicial

26   foreclosure."  (See SAC at 3:15-16.)

27        Under California law, a cause of action for fraud based on a misrepresentation to a

28   third party is cognizable only under certain limited circumstances.  Citing Randi W. v. Muroc

3

1   Joint Unified Sch. Dist., 14 Cal. 4th 1066 (1997), Murphy argues she has alleged such a

2   claim.  (See Opp. at 4:28-5:6.)  Randi W., however, is distinguishable on its facts.  In

3   particular, said case concerned a claim against school district officers, who allegedly wrote

4   false letters of recommendation to another school district, thereby inducing said third-party

5   school district to hire the recommended individual, who subsequently sexually assaulted

6   the plaintiff, a student.  See Randi W., 14 Cal. 4th at 1070.  The California Supreme Court

7   allowed the claim to proceed, holding "liability may be imposed if . . . an affirmative

8   misrepresentation present[s] a foreseeable and substantial risk of physical harm to a . . .

9   third person," see id. (emphasis omitted), and the case has subsequently been limited to

10  fraud claims involving physical harm, see Gawara v. United States Brass Corp., 63 Cal.

11  App. 4th 1341, 1352 (1998) (holding Randi W. does not apply to "plaintiffs who suffer only

12  economic losses").[2]  Further, the decision in Randi W. was based on "strong public policy

13  considerations, i.e., that '[o]ne of society's highest priorities is to protect children from

14  sexual or physical abuse.'"  See id. (quoting Randi W., 14 Cal. 4th at 1078-79).  The SAC

15  alleges neither physical harm nor facts implicating such strong public policy considerations.

16        Accordingly, Murphy's First Cause of Action will be dismissed with leave to amend to

17  allege a fraud claim or any other claim supported by her allegations of wrongful foreclosure.

18  **II.    Quiet Title**

19        Murphy's Second Cause of Action is for quiet title.  Murphy alleges she "is seeking to

20  quiet title against all adverse claims of defendants, to wit: The claims of defendants that

21  they had the right to take title to the property by trustee's sale and the trustee's deeds

22  recorded against the property; and the claims of defendants as holders of legal title to the

23  property."  (See SAC at 4:21-24.)  Quiet title is not a viable claim, however, where, as here,

24  a foreclosure and sale already have occurred.  (See SAC at 3:17-18 (alleging that "[i]n or

25

26        [2] Murphy argues that "[u]nlike Gawara, plaintiff and defendants here had a direct and
    personal special relationship concerning the property and defendant's right to foreclose."
27  (See Opp. at 5:10-12)  Contrary to Murphy's assertion, "[t]he relationship between a
    lending institution and its borrower-client is not fiduciary in nature."  See Nymark v. Heart
28  Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (1991).  Murphy cites no
    authority applying Randi W. to facts analogous to those alleged here.

around June of 2010," foreclosure was "completed")); see also Distor v. U.S. Bank NA, No.
C 09-02086 SI, 2009 WL 3429700, at *6 (N.D. Cal. Oct. 22, 2009) (holding, "because the
property has already been sold, quiet title is no longer an appropriate action to seek to
undo the foreclosure"); Lopez v. Chase Home Fin., LLC, No. CV F 09-0449, 2009 WL
981676, at *7 (E.D. Cal. Apr. 9, 2009) (noting, "[i]f the foreclosure is successful, title will
change, and the quiet title claim is an improper means to challenge foreclosure").

Because further amendment would be futile, Murphy's Second Cause of Action for
quiet title will be dismissed without leave to amend.

**III.     Trespass**

Murphy's Third Cause of Action, trespass, alleges Wells Fargo "unreasonably
interfered with plaintiff's title and equitable ownership in . . . [and] use of the property by
claiming title under the Trustee's Sale."  (See SAC at 5:7-9.)

"The essence of the cause of action for trespass is an unauthorized entry onto the
land of another."  See Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1480 (Ct. App.
1986) (quotation omitted).  To establish a claim for trespass, a plaintiff must prove: (1) that
the plaintiff owned the property; (2) that the defendant entered the plaintiff's property
without permission; (3) that the plaintiff suffered harm; and (4) that the defendant's entry
was a substantial factor in causing the plaintiff's harm.  See id; see also Gutierrez v. Wells
Fargo Bank, No. C 08-5586 SI, 2009 WL 322915 at *7 (N.D. Cal. Feb. 9, 2009).

Here, even assuming Murphy was the legal owner and possessor of the property at
the time of the alleged violation, Murphy pleads no facts describing an entry onto her
property by Wells Fargo.  Cf. Susilo v. Wells Fargo Bank, N.A., No. CV 11-1814 CAS, 2011
WL 2471167 at *11 (C.D. Cal. June 21, 2011) (finding trespass claim sufficiently pleaded
where complaint "allege[d] that defendants changed the locks prior to the foreclosure, and
removed and converted plaintiff's personal furnishings, furniture, and belongings").

Accordingly, Murphy's Third Cause of Action will be dismissed with leave to amend.

//

1

**IV.    Conclusion**

2

3

  Wells Fargo's motion to dismiss is hereby GRANTED and Murphy's SAC is hereby DISMISSED with leave to amend the First and Third Causes of Action as set forth above. Murphy's Third Amended Complaint, if any, shall be filed no later than January 9, 2012.

4

5

  In light of the above, Wells Fargo's motion to strike is hereby DENIED as moot.

6

7

  **IT IS SO ORDERED.**

8

Dated:  December 13, 2011

9

_____
MAXINE M. CHESNEY
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28