IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JO MURPHY,<br><br>　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., and formerly known as WACHOVIA MORTGAGE, FSB, formerly known as WORLD SAVINGS BANK, FSB; and DOES 1-50, inclusive,<br><br>　　　Defendants. | No. C 10-5837 MMC<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES; VACATING HEARING** |

Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for an award of attorneys' fees, filed January 27, 2012. No opposition has been filed.[1] The Court deems the matter submitted on the moving papers, VACATES the hearing scheduled for March 9, 2012, and rules as follows.

**BACKGROUND**

Murphy's claims arise out of two home loans that Wells Fargo[2] made to Murphy in 2006 and 2007. In December 2006, Murphy borrowed $1,000,000.00, secured by a

---

[1] Any opposition was due by February 13, 2012. See Civil L.R. 7-3(a).

[2] Wells Fargo's predecessors, World Savings Bank, FSB and Wachovia Mortgage, FSB, are referred to herein as "Wells Fargo."

property in Pacific Grove, California, and, in December 2007, another $2,240,000.00, secured by a property in Saint Helena, California. (See Request for Judicial Notice in Support of Wells Fargo Bank, N.A.'s Motion for Award of Attorney's Fees ("RJN") Exs. B, C, D, E.)[3] When Murphy defaulted on the loans, Wells Fargo commenced foreclosure proceedings on both properties. (See Compl. ¶¶ 18, 20; First Amended Complaint ("FAC") ¶ 8, Second Amended Complaint ("SAC") ¶¶ 9-10.) In her initial complaint, as well as in each of her amended complaints, Murphy alleges Wells Fargo did not have the right to foreclose on the property, and sought to rescind the deeds of trust and to quiet title in herself. (See Compl. ¶ 27; FAC ¶¶ 10-12; SAC ¶¶ 7-10.) The Court dismissed each of Murphy's complaints with leave to amend, and, after Murphy failed to file a Third Amended Complaint, the Court dismissed the action with prejudice and entered judgment. (See Amended Order Dismissing Action, filed January 23, 2012; Clerk's Judgment, filed January 13, 2012.)

In the instant motion, Wells Fargo seeks fees and costs under the attorneys' fees provisions of the deeds of trust and notes.

## DISCUSSION

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). California Civil Code § 1717, the relevant California statute, provides as follows: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, . . . the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." See Cal. Civ. § 1717(a).

---

[3] Wells Fargo requests the Court take judicial notice of the deeds of trust and notes memorializing the two loans. The request is GRANTED; the documents constitute part of the public record, and, as such, their contents are capable of "ready determination by resort to sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b); see also Gamboa v. Trustee Corps, No. 09-0007 SC, 2009 WL 656285 at *2-4 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded mortgage and foreclosure documents).

1  "To be a prevailing party, the party must have received an enforceable judgment on the
2  merits or a court-ordered consent decree." United States v. Milner, 583 F.3d 1174, 1196
3  (9th Cir. 2009). An involuntary dismissal "operates as an adjudication on the merits" unless
4  it is "for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." See
5  Fed. R. Civ. P. 41(b). Here, because Murphy's complaint was involuntarily dismissed and
6  judgment was entered in Wells Fargo's favor, Wells Fargo is the prevailing party.

7  Under California Civil Code § 1717, Wells Fargo, as the prevailing party, is permitted
8  to seek fees pursuant to the language contained in the deeds of trust and notes. The
9  promissory notes both provide:

> Payment of Lender's Costs and Expenses
>
> The Lender will have the right to be paid back by me [Murphy] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(See RJN Ex. B ¶ 7(E), Ex. D ¶ 7(E).) The deeds of trust similarly both provide:

> If (A) I [Murphy] do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court [and] paying reasonable attorneys' fees. . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes.

(See RJN Ex. C ¶ 7, Ex. E ¶ 7.) Because Murphy challenged Wells Fargo's right to foreclose and sought to quiet title, the litigation was necessary for Wells Fargo to enforce the notes and protect its rights in the property under the deeds of trust. Wells Fargo is, accordingly, entitled to reasonable attorneys' fees.

When calculating reasonable attorneys' fees, courts consider the following factors: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)

whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986) (internal quotation and citation omitted).

Here, Wells Fargo requests a total fee award of $40,035.00 for work performed by attorneys Viddell Lee Heard ("Heard") and Christopher Carr ("Carr"), and paralegals William Slone, Gabriel Hernandez, Malinda Sinclair and Sandra Dries. (See Mot. at 5:26-28; Declaration of Viddell Lee Heard in Support of Wells Fargo Bank, N.A.'s Motion for Award of Attorneys' Fees ("Heard Decl.") at 2:6-17.) Based on their respective levels of experience, Wells Fargo seeks fees of $290 per hour in 2010 and $320 per hour in 2011 for Heard, $300 per hour in 2010 and $330 per hour in 2011 for Carr, and a range of rates between $125 per hour and $160 per hour for the paralegals. The Court finds the billing rates of the attorneys and paralegals to be reasonable, and further finds such rates to be in line with rates awarded to similarly experienced counsel and paralegals in similar matters. See, e.g., Salinas v. Wachovia Mortg., No. 2:11-CV-01220 JAM-DAD, 2011 WL 5513456 at *3 (E.D. Cal. Nov. 10, 2011) (granting fees based on rates from $320 to $350 per hour for Heard and Carr, and $135 to $160 per hour for paralegals).

Additionally, the Court has reviewed the invoices provided by Wells Fargo and finds Wells Fargo spent a reasonable amount of time responding to Murphy's pleadings and preparing the instant motion, and that the costs it claims were reasonably incurred. Wells Fargo also requests, however, an estimated 2.5 hours for Heard to prepare a reply brief and attend a hearing on its motion for fees (see Heard Decl. at 3:19-20); as neither a reply brief nor a hearing was necessary, the Court will subtract $800 ($320 x 2.5) from Wells Fargo's total fee request. Accordingly, Wells Fargo is entitled to $39,235 in attorneys' fees plus $350 in costs. (See Bill of Costs, filed January 27, 2012.)

**CONCLUSION**

For the reasons stated above, Wells Fargo's motion for an award of attorneys' fees is hereby GRANTED and Wells Fargo is hereby AWARDED attorneys' fees in the amount of $39,235 and costs in the amount of $350.

**IT IS SO ORDERED.**

Dated: March 6, 2012

MAXINE M. CHESNEY
United States District Judge